UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN L. EWING<br>1111 Locust St., Unit 3J<br>Philadelphia, PA 19107,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA (Register of Wills)<br>1515 Arch St.<br>Philadelphia, PA 19102;<br><br>and<br><br>JOHN P. SABATINA, *Register of Wills*<br>1515 Arch St.<br>Philadelphia, PA 19102,<br><br>Defendants. | C.A. No.: _____<br><br>***TRIAL BY JURY DEMANDED*** |

**COMPLAINT**

Plaintiff, Ian L. Ewing, by and through his undersigned attorneys, files the within Complaint WITH DEMAND FOR TRIAL BY JURY and aver as follows:

**I.    INTRODUCTION**

1. Plaintiff was an employee of the Register of Wills for Defendant, City of Philadelphia. After the current Register of Wills, Defendant John P. Sabatina, took office in January 2024, he immediately terminated Plaintiff.

2. The conduct of Defendants is a violation of Plaintiffs' First Amendment Rights, enforceable in this Court pursuant to 42 U.S.C. § 1983 ("§ 1983"). Plaintiff was terminated because he declined to support Defendant Sabatina's campaign in the 2023 election for Register of Wills. Sabatina replaced Plaintiff with his political supporters. This "Tammany Hall" style use of political office is unlawful and caused Plaintiff substantial harm. As the Supreme Court has held *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 64 (1990):

> To the victor belong only those spoils that may be constitutionally obtained. *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), decided that the First Amendment forbids government officials to discharge or threaten to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved.

3. Party affiliation is not relevant to Plaintiff's position.

## II. PARTIES, JURISDICTION, VENUE

4. Plaintiff/Employee, Ian L. Ewing, is an adult individual, domiciled at the above-referenced address.

5. Defendant/Employer, City of Philadelphia, is the legal entity subject to jurisdiction of this Court. The Office of the Register of Wills is the department in the City of Philadelphia relevant to the Complaint.

6. Defendant/Employer John P. Sabatina is the current officeholder of Register of Wills. He is sued in his official capacity.

7. This Court has original federal question jurisdiction over Plaintiff's § 1983 claims.

8. Venue is appropriate in the this Court because the transactions and occurrence which give rise to this suit all occurred in Philadelphia, Pennsylvania.

9. At all relevant times, Defendants acted under color of law.

## III. FACTUAL ALLEGATIONS

10. On January 2, 2024, Defendant Sabatina assumed office of the Register of Wills.

11. Plaintiff declined to support Defendant Sabatina's campaign for the office of Register of Wills in 2023.

12. On January 4, 2024, Defendants terminated Plaintiff.

13. Plaintiff began working at the Register of Wills in or about July 2020. He was a highly qualified employee and his performance history was excellent.

14. The Office of the Register of Wills has a custom and practice of politically motivated hiring and firing of employees.

15. As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered injury.  He lost good paying, steady job that has been difficult to replace. Plaintiff sought out and obtained alternative work, but he continues to suffer economic hardship; Plaintiff could not find replacement work at or better than the pay and benefits he earned.  Plaintiff also suffers from humiliation, embarrassment, emotional distress and physical symptoms of that distress.

16. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe injuries, which include but are not limited to:

   a) Lost wages;
   b) Lost back pay;
   c) Lost future wages;
   d) Lost benefits;
   e) Embarrassment and humiliation;
   f) severe emotional distress; and
   g) other damages as described in further detail in this pleading and as will become evident through the course of discovery.

17. Defendants are liable to Plaintiff for reasonable attorney's fees and costs incurred.

**COUNT I    FIRST AMENDMENT RETALIATION**

18. Repeats and realleges paragraphs 1-17 as if set forth at length herein.

19. At all relevant times, Plaintiffs were public employees.

20. Each Plaintiff has First Amendment rights of free speech; to support and associate with political candidates of their choice; and to not support or associate with any political party or candidate.

21. Plaintiffs exercised their First Amendment rights by supporting the political opponent of Defendant Sabatina in the 2023 election for the office of Register of Wills and/or by declining to support Defendant Sabatina.

22. In addition to, or in the alternative to, the impermissible use of race/color/national origin (as pled above), Plaintiffs' political affiliation (or absence of political affiliation) was the only reason why Defendants terminated Plaintiffs.

23. Defendants' actions were taken under color of state law and Sabatina acted within the scope of his authority as the Register of Wills for the City of Philadelphia.

24. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs suffered harm, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff, Ian Ewing, seeks judgment against Defendants for all equitable and monetary relief as may be awarded, including but not limited to: compensatory damages; liquidated damages; reasonable attorney's fees and costs; and all such other damages and relief available under the applicable laws.

**TRIAL BY JURY DEMANDED**

                        Respectfully submitted,

                        CREECH & CREECH, LLC

                        /s/ Timothy P. Creech
                        TIMOTHY P. CREECH
                        1835 Market St., Suite 2710
                        Philadelphia, PA 19103
                        (215) 575-7618; Fax: (215) 575-7688
                        Timothy@CreechandCreech.com

DATED:      October 16, 2024