IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN L. EWING, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 2:24-CV-05501 |
| THE CITY OF PHILADELPHIA, et al., | : |
| Defendants. | : |

**DEFENDANTS THE CITY OF PHILADELPHIA AND JOHN P. SABATINA'S
ANSWER TO PLAINTIFF IAN L. EWING'S COMPLAINT**

Defendants the City of Philadelphia and John P. Sabatina, Register of Wills, by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Ian L. Ewing ("Ewing") and assert their Affirmative Defenses as follows:

I.   **INTRODUCTION**

1. Admitted in part; denied in part. It is admitted that Plaintiff was an employee of the Register of Wills for the City of Philadelphia. And it is admitted that John P. Sabatina took office in January 2024 and shortly thereafter terminated the employment of Plaintiff. Defendants deny the allegation that such termination was "immediate."

2. Denied. This paragraph consist purely of conclusions of law and the allegations therein are denied on that basis. The allegations of discrimination are denied in that they are meritless as well. Ewing was not fired due to any political reason.

3. Admitted.

**II.    PARITES, JURISDICTION, VENUE**

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted.

    9.    Admitted.

**II.    FACTUAL ALLEGATIONS**

    10.    Admitted.

    11.    Denied.  Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegation in this paragraph.

    12.    Admitted in part; denied in part.  It is admitted that Ewing was terminated but his termination was effective January 9, 2024, not (as alleged in the Complaint) January 4, 2024.

    13.    Admitted in part; denied in part.  It is admitted only that Ewing began work with the Register of Wills in 2020, although he began work with the City earlier in 2018.  All other allegations are denied.

    14.    Denied.

    15.    Denied.  Defendants specifically deny that they engaged in "misconduct" or caused Plaintiff any such damages.  Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegations concerning the alleged damages and any alleged attempts to mitigate those damages.  The allegations are denied as legal conclusions as well.

16. Denied (including denials as to the allegations of each sub-paragraph). Defendants specifically deny that they caused Plaintiff any such damages. The allegations are denied as legal conclusions as well.

17. Denied. This allegation is a conclusion of law and is denied on this basis. Defendants further deny, on the merits, any such liability.

**COUNT I: FIRST AMENDMENT RETALIATION**

18. Defendants reallege and incorporate by reference their responses set out above.

19. Admitted to the extent that "at all relevant times" means during the terms of Plaintiff's employment with the City.

20. Denied. The allegations in hits paragraph are legal conclusions and are denied on that basis.

21. Denied. The allegations are denied in that Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegations.

22. Denied. The termination of Plaintiff was not motivated by any such retaliatory or otherwise political intent. Further, the allegations in this paragraph regarding race/color national origin set out "above" are misplaced as such allegations are not otherwise pled in the Complaint.

23. Admitted in part; denied in part. It is admitted that the decisions to terminate Plaintiff was made in such a governmental capacity. It is denied that such decision was motivated by retaliatory or otherwise political intent.

24. Denied. The allegations in this paragraph are conclusions of law and are denied on this basis. Defendants further deny the allegations as substantively meritless.

WHEREFORE, Defendants request judgment in their favor and against Plaintiff along with such equitable and monetary relief as the court deems just and appropriate, including an award of attorneys' fees and costs.

## GENERAL DENIAL

Defendants deny each and every allegation in Plaintiff's Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses. Defendants reserve the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during discovery.

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations or other applicable rules, statutes, or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

### Third Affirmative Defense

Plaintiff waived any and all alleged rights to the relief sought in the Complaint.

### Fourth Affirmative Defense

Defendants acted at all times in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

**Fifth Affirmative Defense**

Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory and/or retaliatory conduct in the workplace.

**Sixth Affirmative Defense**

Plaintiff's claim is barred by the doctrine of qualified immunity.

**Seventh Affirmative Defense**

Plaintiff's damages are reduced in whole or in part under the doctrine of after acquired evidence.

**Eighth Affirmative Defense**

Plaintiff's damages may be barred by the doctrines of laches, waiver, estoppel, and unclean hands.

**Ninth Affirmative Defense**

Plaintiff is not entitled to recover some or all of the damages alleged, including attorneys' fees.

**Tenth Affirmative Defense**

Any alleged damages or losses, if any, were caused in whole or in part by Plaintiff's own acts, omissions, or conduct.

**Eleventh Affirmative Defense**

Plaintiff failed, in whole or in part, to mitigate his damages.

**Twelfth Affirmative Defense**

Defendants acted at all relevant times hereto with good faith and without any malicious intent and with reasonable justification for believing its actions were lawful.

### Thirteenth Affirmative Defense

Plaintiff's claims for punitive damages (if any) are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages as they do not evidence willful, wanton, malicious, or reckless actions by Defendants.

### Fourteenth Affirmative Defense

There is no factual or legal basis for the imposition of compensatory relief.

### Fifteenth Affirmative Defense

There is no factual or legal basis for the imposition of punitive damages.

### Sixteenth Affirmative Defense

Defendants would have taken the same action(s) regardless of Plaintiff's purportedly protective activity or status.

### Seventeenth Affirmative Defense

Any claims made herein for compensatory and punitive damages are barred and/or limited by constitutional limits.

**WHEREFORE**, Defendants pray that the Court enter judgment in its favor and against Plaintiff, including denying all claims for equitable relief, and dismissing all claims with prejudice, and awarding the Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**

By: */s/ Michael A. Morse*
    Gaetan J. Alfano, Esquire
    P.A. ID No. 32971
    Michael A. Morse, Esquire
    P.A. ID No. 80507
    Alexander M. Owens
    P.A. ID No. 319400
    1818 Market Street, Suite 3402
    Philadelphia, PA 19103
    *gja@pietragallo.com*
    *mam@pietragallo.com*
    *amo@pietragallo.com*
    (215) 988-1427 (Telephone)
    (215) 981-0082 (Telecopy)

    *Attorneys for Defendants*
    *City of Philadelphia and*
    *John P. Sabatina*

Dated: December 16, 2024

## CERTIFICATE OF SERVICE

      I, Michael A. Morse, hereby certify that on December 16, 2024, I caused a true and correct copy of Defendants' Answer to Plaintiff's Complaint to be served on all counsel of record via the Court's ECF system.

                                                        */s/ Michael A. Morse*  
                                                        Michael A. Morse, Esquire

#11119346